NO. 07-06-0252-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 27, 2007

_____

MIGUEL RUDOLFO GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,777-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant Miguel Rudolfo Gonzales was convicted by a jury of aggravated sexual assault of a child and sentenced to ninety-nine years confinement. The clerk's record and reporter's record have both been filed. Three extensions of time have been granted in order for appointed counsel, Cynthia J. Barela,

to complete Appellant's brief. After the third deadline of February 20, 2007, lapsed, this Court notified counsel by letter dated February 27, 2007, of the defect and requested that either the brief or a response to the notice be filed on or before March 9, 2007. Counsel did not respond nor was the brief filed.

Therefore, we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning the following:

1. Whether Appellant desires to prosecute this appeal.
2. Why Appellant's counsel, Cynthia J. Barela, has failed to file a brief.
3. Whether Appellant has been denied effective assistance of counsel.
4. Whether Appellant's counsel, Cynthia J. Barela, should be removed.
5. Whether Appellant is indigent and entitled to court-appointed counsel.

Should the trial court determine that Appellant does want to continue the appeal, that present counsel should be removed, and that Appellant is indigent and entitled to court-appointed counsel, the trial court shall appoint new counsel to represent Appellant in this appeal. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in an order appointing counsel.

The trial court shall cause its finding and recommendations, together with any orders it may enter regarding the aforementioned issues, to be included in a supplemental clerk's

record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before April 16, 2007.

It is so ordered.

Per Curiam

Do not publish.